CLD-050                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2259
_____

EDWARD KATES,

Appellant

v.

NEW JERSEY GOVERNOR CHRIS CHRISTIE; JOHN J. HOFFMAN, Acting Attorney
General; JAMES T. PLOUSIS; SMAUEL PLUMERI, JR.; BRIAN T. BUTCH; ALLEN
DELVENTO; CARMEN GARCIA; LLOYD D. HENDERSON; JAMES B.
JEFFERSON; JULIO MARENCO; NORMAN ROBERTSON; YOLETTE C. ROSS;
RENI ERDOS; THOMAS HAAF; MARY HUNT; CHARLIE JONES; ROBERT
RICCARDELLA; HOPE L. COOPER; OSCAR DOYLE; LAURIE FUCHS; DAVID W.
THOMAS; LAWRENCE GREGORIO; DAWN MARIE ADDIEGO; DIANE B.
ALLEN; CHRISTOPHER BATEMAN; JAMES BEACH; JENNIFER BECK;
ANTHONY R. BUCCO; RAJ MUKHERJI; GERALD CARDINALE; RICHARD J.
CODEY; MARIA RODRIGUEZ-GREGG; SANDRA B. CUNNINGHAM; MICHAEL
J. DOHERTY; NIA H. GILL, Esq.; ROBERT M. GORDON; LINDA R. GREENSTEIN;
JAMES W. HOLZAPFEL; THOMAS H. KEAN, JR; JOSEPH KYRILLOS, JR.;
RAYMOND J. LESNIAK; FREDERICK H. MADDEN, JR; DONALD NORCROSS;
KEVIN J. O'TOOLE; STEVEN V. OROHO; JOSEPH PENNACCHIO; NELLIE POU;
RONALD L. RICE; M. TERESA RUIZ; NICHOLAS J. SACCO; PAUL A. SARLO;
NICHOLAS P. SCUTARI; ROBERT W. SINGER; BOB SMITH; BRIAN P. STACK;
STEPHEN M. SWEENEY; SAMUEL D. THOMPSON; SHIRLEY K. TURNER; JEFF
VAN DREW; JOSEPH F. VITALE; LORETTA WEINBERG; JIM WHELAN; NANCY
J. PINKIN; ELIANA PINTOR MARIN; BOB ANDRZEJCZAK; MARY PAT
ANGELINI; PETER J. BARNES, III; DANIEL R. BENSON; JOHN M. BRAMNICK;
CHRIS A. BROWN; CHRISTOPHER J. BROWN; ANTHONY M. BUCCO; JOHN J.
BURZICHELLI; RALPH R. CAPUTO; MARIENE CARIDE; MICHAEL PATRICK
CARROLL; CAROLINE CASAGRANDE; UPENDRA J. CHIVUKULA; JACK M.
CIATTARELLI; ROBERT D. CLIFTON; HERBERT CONAWAY, JR; SEAN
CONNORS; CRAIG J. COUGHLIN; ROBERT AUTH; JOSEPH CRYAN; RONALD S.
DANCER; WAYNE P. DEANGELO; BETTY-LOU DECROCE; JOHN DIMAIO;
PATRICK J. DIEGNAN, JR.; JOSEPH V. EGAN; TIMOTHY J. EUSTACE; ANGEL
FUENTES; THOMAS P. GIBLIN; DIANNE C. GOVE; JERRY GREEN; LOUIS D.

GREENWALD; REED GUSCIORA; AMY H. HANDLIN; MILA M. JASEY; ANGELICA M. JIMENEZ; GORDON M. JOHNSON; SEAN T. KEAN; PAMELA R. LAMPITT; CHARLES MAINOR; GREGORY P. MCGUCKIN; ALISON LITTLE MCHOSE; JOHN F. MCKEON; PAUL D. MORIARTY; GABRIELA M. MOSQUERA; NANCY F. MUNOZ; JASON O'DONNELL; DECLAN J. O'SCANLON, JR.; SHEILA Y. OLIVER; ERIK PETERSON; VINCENT PRIETO; ANNETTE QUIJANO; SAMUEL L. FIOCCHI; DAVID P. RIBLE; CELESTE M. RILEY;VINCENT MAZZEO; SCOTT T. RUMANA; BRIAN E. RUMPF; DAVID C. RUSSO; GARY SCHAER; HOLLY SCHEPISI; JOSEPH A. LAGANA; DONNA M. SIMON; TROY SINGLETON; PARKER SPACE; L. GRACE SPENCER; LINDA STENDER; SHAVONDA E. SUMTER; CLEOPATRA G. TUCKER; VALERIE VAINIERI HUTTLE; CARMELO G. GARCIA; BONNIE WATSON-COLEMAN; JAY WEBBER; GILBERT L. WILSON; BENJIE E. WIMBERLY; JOHN S. WISNIEWSKI; DAVID W. WOLFE; COMMISSIONER GARY M. LANIGAN

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-14-cv-05769)
District Judge:  Honorable Jose L. Linares

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 13, 2015

Before:  FISHER, JORDAN and VANASKIE, <u>Circuit Judges</u>

(Opinion filed: November 18, 2015)
_____

OPINION[*]
_____

PER CURIAM

 Pro se appellant Edward Kates appeals the District Court's order dismissing his

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

complaint under 28 U.S.C. § 1915(e)(2).  We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's order.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).[1]  For the reasons set forth below, we will summarily affirm the District Court's judgment.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Kates was convicted in New Jersey state court of murder and sentenced to life imprisonment.  He is presently confined in the East Jersey State Prison in Rahway, New Jersey.  In his complaint, Kates raised a variety of claims concerning his sentence.  First, he noted that N.J.S.A. § 2C:11-3 authorized him to be "sentenced to a specific term of years which shall be between 30 years and life imprisonment."  He argued that his sentence — life imprisonment — is not a "specific term of years," and his sentence is thus "not authorized by the code and is therefore illegal."  Compl. at ¶ 152.  Kates further alleged that, throughout his incarceration, he has earned good-time credits and work credits, which the defendants have refused to apply against his sentence.  Kates also detailed various other restrictions and deprivations that he believes have been caused by his sentence.  He raised claims under 42 U.S.C. § 1983 and state law.

The District Court dismissed Kates's complaint.  The Court concluded that, although Kates sometimes attempted to suggest that he was "seeking neither an immediate nor speedier release, that is, in effect, what he seeks."  Op. at 6.  Thus, the

_____

[1] We may affirm on any ground apparent in the record.  See, e.g., Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

Court held that, to the extent that Kates sought damages, he could prosecute his § 1983 action only after showing that his sentence had been called into question (which he has not done), and to the extent that he sought an earlier release, the remedy was available only through habeas corpus proceedings. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Preiser v. Rodriguez, 411 U.S. 475, 487 (1973). The Court declined to exercise supplemental jurisdiction over Kates's state-law claims. Kates filed a timely notice of appeal to this Court.[2]

We agree with the District Court's disposition of this case. While Kates insists that he does not seek to challenge his conviction or sentence, we are not persuaded. His principal claims are that his sentence exceeds that authorized by N.J.S.A. § 2C:11-3 and that he is entitled to credits that would reduce the sentence. As the District Court concluded, "a judgment in favor of the plaintiff [on these claims] would necessarily imply the invalidity of his conviction or sentence," and because Kates has not established that his sentence has already been invalidated, he cannot maintain these claims in this § 1983 action. Heck, 512 U.S. at 487; see also Edwards v. Balisok, 520 U.S. 641, 646 (1997) (holding that claim was barred because "[t]he principal procedural defect

---

[2] Kates also filed a motion under Fed. R. Civ. P. 59(e) in the District Court, which the District Court denied. Because Kates did not file a new or amended notice of appeal encompassing the order denying his Rule 59(e) motion, we lack jurisdiction to consider that order. See Fed. R. App. P. 4(a)(4)(B)(ii); Carrascosa v. McGuire, 520 F.3d 249, 253-54 (3d Cir. 2008).

4

complained of by respondent would, if established, necessarily imply the invalidity of the deprivation of his good-time credits").

Kates also claims that prisoners sentenced to life imprisonment are treated less favorably than prisoners who are subject to fixed-term sentences. He contends that those under life sentence receive limited access to prison programming; he also expresses concern that his sentence might confuse the parole board when he is someday eligible for parole or cause him to experience difficulties traveling. Even assuming that Kates intended for these claims to stand alone, rather than merely provide further support for his contention that his sentence should be set aside — which is by no means clear — he is entitled to no relief. He has not alleged that <u>he</u> has been excluded from prison programming, and he may not assert the claims of others. <u>See, e.g.</u>, <u>United States v. Hays</u>, 515 U.S. 737, 743-44 (1995); <u>Powers v. Ohio</u>, 499 U.S. 400, 410 (1991). Moreover, his claims about the harm that could potentially befall him in the future may not be litigated at this time because they "rest[] upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" <u>Texas v. United States</u>, 523 U.S. 296, 300 (1998) (quoting <u>Thomas v. Union Carbide Agric. Prods. Co.</u>, 473 U.S. 568, 580-581 (1985)).

Having dismissed Kates's federal claims, the District Court acted within its discretion in declining to exercise supplemental jurisdiction over his state-law claims.

See 28 U.S.C. § 1367(c)(3); Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 181 (3d Cir. 1999).[3]

Accordingly, we will summarily affirm the District Court's judgment.

---

[3] Given the legal failings of Kates's complaint and the fact that the documents he filed in the District Court and this Court give no indication that he can cure its deficiencies, we are satisfied that amendment to the complaint would be futile, and therefore conclude that the District Court properly dismissed the complaint without providing leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).